[Cite as *Fears v. State*, 2010-Ohio-3752.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JOSEPH FEARS, JR.

    Plaintiff

    v.

THE STATE OF OHIO

    Defendant
    Case No. 2009-03461-WI

Judge Clark B. Weaver Sr.

DECISION

{¶ 1} This case was tried to the court on the issue of damages on March 17 and May 20, 2010.[1]

{¶ 2} On September 16, 1983, plaintiff was indicted in the Franklin County Court of Common Pleas on three counts of rape and one count of aggravated robbery (Case No. 83CR-2674.) Although there was one indictment, the charges stemmed from two separate incidents. After a jury trial, plaintiff was found guilty of, but did not plead guilty to, Count III (rape) and Count IV (aggravated robbery). Following a separate jury trial, plaintiff was found guilty of, but did not plead guilty to, Count II (rape). Plaintiff was found not guilty of Count I (rape).

{¶ 3} On February 10, 1984, plaintiff was sentenced to 10-25 years of imprisonment on each of the three counts for which he was found guilty, to be served consecutively, or a 30-75 year combined sentence.

{¶ 4} On March 10, 2009, pursuant to R.C. 2305.02, a judge of the Franklin County Court of Common Pleas issued an entry vacating the convictions as to Counts III and IV of the indictment and declaring plaintiff to be a "wrongfully imprisoned

individual" as that term is defined in R.C. 2743.48. The court found that the prosecuting attorney could not seek any further appeal of right or upon leave of court; that no criminal proceeding was pending, could be brought, or would be brought by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of the municipal corporation against plaintiff for any act associated with the convictions on Counts III and IV; and that subsequent to plaintiff's sentencing and during his imprisonment, the court determined that the offenses in Counts III and IV of which he was found guilty were not committed by him. That court noted that plaintiff's conviction and sentence of 10-25 years as to Count II of the indictment remained undisturbed and in effect.

{¶ 5} The court of common pleas' entry states: "Fears is hereby informed that he is entitled to commence a civil action for damages against the State of Ohio in the Court of Claims as set forth in ORC Section 2743.48 for that part of his imprisonment that relates to counts three and four, reduced and mitigated by whatever imprisonment during the same period that he lawfully served and would have otherwise served in connection with his imprisonment on count two that was not vacated."

{¶ 6} Pursuant to R.C. 2743.48(E)(1), plaintiff has submitted a certified copy of the judgment entry of the court of common pleas associated with his conviction and sentencing, and a certified copy of the entry of the determination of the court of common pleas that he was a wrongfully imprisoned individual. Accordingly, the court finds that plaintiff is a wrongfully imprisoned individual.

{¶ 7} Plaintiff testified that in his underlying criminal case, he was represented by attorney Joquetta Wells, and that he paid her approximately $5,000 in attorney fees. Plaintiff further testified that he paid ten percent of a $50,000 surety bond to Sam English, a bail bondsman. Plaintiff could not produce any receipts for those expenses.

{¶ 8} The evidence shows that plaintiff's first day in the custody of the Department of Rehabilitation and Correction was February 17, 1984. Plaintiff was released on March 10, 2009. Plaintiff served 9,154 days (25.079 years) of

---

[1]On June 4, 2010, plaintiff filed Exhibit 15, which is a record of the attorney fees incurred at the

incarceration. The court must determine when plaintiff would have been released if he had been sentenced to a 10-25 year term on one count of rape.

{¶ 9} According to plaintiff, his first parole hearing was held in 1994, but he was given a "10-year flop," meaning that he would not be entitled to another parole hearing until 2004. Plaintiff testified that he had written to many women outside the institution whose names and photographs he had seen in newspapers or magazines. Plaintiff stated that he was trying to establish relationships with women outside of the institution with whom he was not acquainted. Many of the women whom he contacted wrote the institution and requested that plaintiff not correspond with them.

{¶ 10} Cynthia Mausser testified that she currently serves as chair of the parole board and that she has been involved in thousands of parole hearings. Mausser explained that Senate Bill 2, (SB 2) effective July 1, 1996, changed Ohio's sentencing structure from indeterminate to determinate, but that it was not retroactive and would not have applied to plaintiff's sentence. Mausser stated that the criteria that she uses to determine whether parole should be denied include the inmate's institutional conduct, the nature of the offense, and a history that demonstrates that the inmate cannot comply with conditions of release. Mausser stated that although an inmate may be eligible for release, he may not be suitable for release. Mausser described the parole process as a weighing of the "human factors" of the individual. Mausser also stated that the parole board does not look favorably upon inmates who are housed in segregation during the time that the board is considering any request for parole. Moreover, Mausser stated that the parole board is very cautious about paroling inmates from maximum security institutions.

{¶ 11} On cross-examination, Mausser stated that if plaintiff were sentenced under the new law for one count of rape of an adult, he would serve ten years plus an additional five years if he had had poor institutional conduct. She reiterated that 15 years would have been the maximum that plaintiff would have served under the new law, were it to be applied to him. She also explained that under the old law, with only

May 20, 2010 portion of the damages trial. Without objection, Plaintiff's Exhibit 15 is ADMITTED.

one 10-25 year sentence for rape, plaintiff would have been eligible for parole after having served seven years of incarceration. However, Mausser cautioned that if plaintiff's misconduct during incarceration were taken into consideration, he would not have been granted parole upon first becoming eligible.

{¶ 12} Mausser acknowledged that on November 29, 2004, a panel on the parole board commented that plaintiff had served enough time for all three crimes, that his conduct had greatly improved once he was diagnosed with bipolar disorder, and that serving additional time would serve no purpose. (Defendant's Exhibit 22, Page 178.) However, Mausser directed the court's attention to plaintiff's record of poor institutional conduct, which resulted in his security classification increasing throughout his incarceration. Mausser also conceded that it is not common for an inmate to serve a maximum sentence.

{¶ 13} Paul Pusateri, a criminal defense attorney, testified as an expert for plaintiff. Pusateri stated that he has appeared on behalf of clients before the parole board. After reviewing plaintiff's institutional records as provided by defendant, including his security classifications, his parole history, his discipline history, and his mail censorship history, Pusateri opined that if plaintiff had been incarcerated solely for one count of rape of an adult, he would have been placed on parole in 1990. According to Pusateri the fact that plaintiff was convicted of two counts of rape adversely affected his chances for parole. Pusateri based his opinion on the law as it existed prior to SB 2, when inmates were granted "good time," meaning that 30 percent of the minimum sentence was automatically deducted from the sentence. Pusateri opined that had plaintiff been convicted of one count of rape and sentenced to a term of 10-25 years, he would have been eligible for parole after having served seven years of incarceration.

{¶ 14} According to Pusateri, the majority of inmates were paroled on their first appearance before the parole board prior to the change in the law under SB 2. He further stated that he had never represented anyone with one rape conviction and a sentence of 10-25 years who had served the maximum sentence. Pusateri added that plaintiff's institutional record from 1983 to 1997 was "pretty good" but that from 1997 to 2008 plaintiff had a very poor record. Pusateri noted that plaintiff was diagnosed with

bipolar disorder in the early 2000s.          On cross-examination, Pusateri stated that the granting of any parole involves a great deal of discretion, and that if plaintiff had continued to be incarcerated past 1997, based upon his disciplinary record, the board may have elected to delay his hearings. Pusateri agreed that when an inmate's security classification increases, his chance of being paroled decreases. Pusateri noted that from 2004 to 2008, plaintiff was eligible for parole six times, but was not granted parole because of his institutional behavior. In addition, Pusateri acknowledged that plaintiff had a criminal record which included prison time prior to his incarceration in 1984, and that in 1994, plaintiff was in maximum security classification, which would have hindered his chances for parole. At the close of his testimony, Pusateri reiterated that despite plaintiff's institutional record, his opinion was that plaintiff would have been paroled after having served ten years had he been sentenced to a single count of rape.

{¶ 15} After a review of the evidence, the court finds the following. Although plaintiff's institutional record was poor, the court is convinced that plaintiff's wrongful conviction of two felonies affected his chances for parole. Accordingly, the court finds that the notation from the parole board panel on November 29, 2004, stating that plaintiff had served enough time, persuades the court that if plaintiff had not been wrongfully convicted of Counts III and IV, he would have been released shortly thereafter. Therefore, the court finds that plaintiff was wrongfully imprisoned for 1,563 days, which equals 4.282 years.

{¶ 16} Pursuant to R.C. 2743.48(E)(2),[2] the court finds that plaintiff has proven,

---

[2]R.C. 2743.48(E)(2) states the following:

"(2)  In a civil action as described in division (D) of this section, upon presentation of requisite proof to the court, a wrongfully imprisoned individual is entitled to receive a sum of money that equals the total of each of the following amounts:

"(a)  The amount of any fine or court costs imposed and paid, and the reasonable attorney's fees and other expenses incurred by the wrongfully imprisoned individual in connection with all associated criminal proceedings and appeals, and, if applicable, in connection with obtaining the wrongfully imprisoned individual's discharge from confinement in the state correctional institution;

"(b)  For each full year of imprisonment in the state correctional institution for the offense of which the wrongfully imprisoned individual was found guilty, forty thousand three hundred thirty dollars or the adjusted amount determined by the auditor of state pursuant to section 2743.49 of the Revised Code, and

by a preponderance of the evidence, that he is entitled to receive a sum of money that equals the total of each of the following amounts:

{¶ 17} "1)   $350 in costs attributed to plaintiff's criminal proceedings;

{¶ 18} "2)   $5,000 in attorney fees for representation by Joquetta Wells in plaintiff's underlying criminal case;

{¶ 19} "3)   $5,000 or ten percent of the surety bond allowing plaintiff's release from jail;

{¶ 20} "4)   $202,159.70, which represents 4.282 years of imprisonment at $47,209.40          per year;

{¶ 21} "5)   $0 for lost wages;

{¶ 22} "6)   $0 in cost debts;

{¶ 23} "7)   $25,350 in attorney fees for plaintiff's representation in the instant case by attorney Isabella D. Thomas.

{¶ 24} Therefore, pursuant to R.C. 2743.48(F)(1), judgment shall be rendered in favor of plaintiff in the amount of $237,884.70, which includes the $25 filing fee.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JOSEPH FEARS, JR.

    Plaintiff

    v.

---

for each part of a year of being so imprisoned, a pro-rated share of forty thousand three hundred thirty dollars or the adjusted amount determined by the auditor of state pursuant to section 2743.49 of the Revised Code;          "(c)  Any loss of wages, salary, or other earned income that directly resulted from the wrongfully imprisoned individual's arrest, prosecution, conviction, and wrongful imprisonment; "(d) The amount of the following cost debts the department of rehabilitation and correction recovered from the wrongfully imprisoned individual who was in custody of the department or under the department's supervision:          "(i)  Any user fee or copayment for services at a detention facility, including, but not limited to, a fee or copayment for sick call visits;          "(ii)   The cost of housing and feeding the wrongfully imprisoned individual in a detention facility;          "(iii)  The cost of supervision of the wrongfully imprisoned individual;          "(iv) The cost of any ancillary services provided to the wrongfully imprisoned individual."

THE STATE OF OHIO

     Defendant
     Case No. 2009-03461-WI

Judge Clark B. Weaver Sr.

<u>JUDGMENT ENTRY</u>

This case was tried to the court on the issue of damages. The court has considered the evidence and, for the reasons set forth in the decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $237,884.70, which includes the $25 filing fee paid by plaintiff. The warrant of payment of judgment in the amount of $212,534.70 shall be sent to Joseph Fears, Jr., in care of his attorney, Isabella D. Thomas, 1058 Mt. Vernon Avenue, Columbus, Ohio 43203-1518. The warrant of payment of judgment in the amount of $25,350, which represents reasonable attorney fees, shall be sent to Isabella D. Thomas, 1058 Mt. Vernon Avenue, Columbus, Ohio 43203-1518.

R.C. 2743.48(G) provides: "The clerk of the court of claims shall forward a certified copy of a judgment under division (F) of this section to the president of the controlling board. The board shall take all actions necessary to cause the payment of the judgment out of the emergency purposes special purpose account of the board." Therefore, subject to the provisions of R.C. 2743.19(D), the clerk shall forward a certified copy of this judgment to the president of the controlling board. Interest on the judgment shall be allowed per R.C. 2743.19.

Court costs are absorbed by the court. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
CLARK B. WEAVER SR.
Judge

cc:

Amy S. Brown
Peter E. DeMarco
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Isabella D. Thomas
1058 Mt. Vernon Avenue
Columbus, Ohio 43203-1518

HTS/cmd
Filed July 28, 2010
To S.C. reporter August 11, 2010